IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RICHARD MINDIOLA | § | |
| v. | § | CIVIL ACTION NO. 9:07cv298 |
| | | (Crim. No. 9:04cr24) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Richard Mindiola, proceeding *pro se*, filed this motion to vacate or correct sentence under 28 U.S.C. §2255 complaining of the legality of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Mindiola was convicted on his plea of guilty to one count of possession of a controlled substance, cocaine, with intent to distribute.  He received a sentence of 108 months, followed by three years of supervised release and a $100.00 special assessment.  Mindiola took a direct appeal, which was dismissed as frivolous.

In his Section 2255 motion, Mindiola complains that counsel failed to object to the criminal history score which was assigned to him, based on the sentencing dates of the past crimes of which he had been convicted.  He argued that these prior convictions occurred in 1992, over ten years prior to the present offense, and that he was no longer on a previously imposed probation when the present offense was committed.  In his response to the Government's motion to dismiss, Mindiola said that "he was not under any term of probation at the time he was found guilty by the sentencing court," and that the commencement of the instant offense was on October 20, 2004.

1

The Government was ordered to answer the petition and argued that Mindiola's claims were barred by the waiver of appeal provision which he signed in the plea agreement. Mindiola responded by saying that the ineffective assistance he received by counsel's not telling him about the errors in the pre-sentence investigation report rendered his plea of guilty involuntary.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to vacate or correct sentence be denied. The Magistrate Judge concluded that Mindiola's claims were barred by the waiver of appeal and lacked merit in any event. The Sentencing Guidelines define "commencement" of the present offense as meaning the commission of any relevant conduct forming the basis of the present offense. The pre-sentence investigation report determined that the relevant conduct forming the basis of the present offense began in August of 2000, at a time when Mindiola was still on probation and within ten years of the commission of the prior offenses for which he had been convicted. Thus, the Magistrate Judge determined that Mindiola had failed to show that he had received ineffective assistance of counsel, because he had set forth no basis upon which counsel could have objected to the pre-sentence investigation report.

Mindiola filed objections to the Magistrate Judge's Report on May 30, 2008. In his objections, Mindiola again argues that the Guidelines were improperly applied, saying that the offense to which he pleaded guilty was done in November of 2002 and so this should be the date of "commencement" of the offense. He says that the waiver of appeal does not apply because he reserved the right to challenge an upward departure from the Guidelines, and because but for counsel's erroneous advice, he would not have entered the plea.

Mindiola's objections are without merit. As explained by the Magistrate Judge, for purposes of the Guidelines, the "commencement" of the present offense means the commission of any relevant conduct forming the basis of the present offense. As the pre-sentence investigation report made clear, Mindiola was involved in a large-scale drug conspiracy which began in 2000. This is "relevant conduct" to the offense for which Mindiola was ultimately convicted. *See* U.S.S.G. §1B1.3; U.S. v. Abarca, 229 F.3d 409 (5th Cir., July 26, 2000) (Table). Mindiola has not shown an "upward

departure" from the Guidelines, but rather the application of a range which was correct, but with which he disagrees.  Finally, Mindiola has not shown that counsel gave erroneous advice or that counsel had any valid basis upon which to object to the pre-sentence investigation report.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Movant' motion to vacate his sentence, the answer filed by the Government, the Movant's response thereto, the Report of the Magistrate Judge, the Movant's objections thereto, and all other pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Movant are without merit.  It is accordingly

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Government's motion to dismiss (docket no. 6) is GRANTED and that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all other motions which may be pending in this action are hereby DENIED.

SIGNED this the 6  day of **June, 2008.**

Thad Heartfield
United States District Judge

3